UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN

CRIMINAL ACTION NO. 1:07-CR-36

UNITED STATES OF AMERICA                                                                 PLAINTIFF

V.

LARRY BRIGGS                                                                                       DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon a motion by the Defendant to suppress evidence discovered by law enforcement officers during their search of the Defendant's home on December 15, 2006 and evidence seized as result of the Defendant's detention and arrest on April 27, 2007. (DN 43). The Court held an evidentiary hearing on this matter on April 15, 2008. Fully briefed, this matter is now ripe for consideration. For the following reasons, the Defendant's motion to suppress is **DENIED**.

**I. FACTS**

**A. The Affidavit**

On December 15, 2006, Kentucky State Police Detective Brad Harper submitted an affidavit in support of his application for a search warrant to search the residence of the Defendant at 709 Briggs Avenue in Franklin, Kentucky. In his affidavit, Harper stated that the Kentucky State Police Drug Enforcement office received an anonymous phone call on December 7, 2006. The caller stated that the Defendant was trafficking in large amounts of crack cocaine in the Franklin area and that his customers would drive to any empty parking lot down the street from the Defendant's residence and then walk to his residence and purchase cocaine. The caller also stated that the Defendant kept his cocaine and a .38 caliber revolver in his bedroom at 709 Briggs Avenue.

Harper then stated that on December 14, 2006, he and two other officers conducted

surveillance on the Defendant at his home. During this surveillance, the officers witnessed one vehicle with an older black male stop down the street from the Defendant's residence. The man exited his vehicle, walked up to the front of the Defendant's residence -where the Defendant was washing his car, conducted an exchange, and then returned to his vehicle. Approximately 15 minutes later, a white male arrived in a purple car and stopped down the street from the Defendant. The man then met with the Defendant in front of his residence, conducted an exchange, and then drove away. One of the officers conducted a traffic stop on this vehicle for an expired registration plate. An interview was conducted with the driver and he admitted to purchasing crack cocaine and powder cocaine from the Defendant. The driver turned over two individual baggies with cocaine to the officer who had initiated the stop.

Harper then stated that on December 15, 2006, a confidential informant was sent to 709 Briggs Avenue to purchase $40 in crack cocaine. He stated that Defendant met the informant on the front porch of 709 Briggs Avenue and placed the crack cocaine on the porch rail. The informant then picked up the crack cocaine, handed the Defendant $40 in U.S. currency, and returned to his vehicle. The informant then met with an officer. The evidence was handed over by the informant to the officer and it tested positive for cocaine.

Based on the information contained in this affidavit, Harper obtained a search warrant for 709 Briggs Avenue. In conducting a search of the premises, Harper found a firearm in a bedroom used by the Defendant.

**B. The Traffic Stop and Arrest**

At the evidentiary hearing, Detective Harper also testified that on April 27, 2007, he had another confidential informant call the Defendant and arrange for the Defendant to deliver five rocks of cocaine to the informant's house. The police watched the informant's house and waited for the

Defendant to make the delivery. When the Defendant drove by the informant's home, he was stopped by the police at Harper's directive. The Defendant was immediately handcuffed. The officers then searched the Defendant and found five rocks of cocaine concealed in his mouth.

## II. ANALYSIS

The Defendant first argues that evidence discovered by the law enforcement officers during the search of his home on December 15, 2006, must be suppressed because the search warrant failed to express any material connection between the Defendant's residence and his suspected criminal activity. Alternatively, the Defendant argues that the officers could not rely on the search warrant in good faith because they had no information supporting a reasonable belief that contraband would be found in the Defendant's home. The Defendant also argues that the evidence seized on April 27, 2007, should be suppressed because there was no probable cause for the stop, search, and arrest. The Court will address each of these arguments in turn.

**A. Sufficiency of the Affidavit and Search Warrant**

In determining whether an affidavit establishes probable cause to issue a search warrant, the task of the issuing magistrate or judge is to determine, given all the circumstances set forth in the affidavit before him, whether there is a "fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983). In order to establish probable cause to search, a warrant request "must state a nexus between the place to be searched and the evidence sought." United States v. Bethel, 245 Fed. Appx. 460, 464 (6th Cir. 2007)(quoting United States v. Van Shutters, 163 F.3d 331, 336-37 (6th Cir. 1998)). "The belief that the items sought will be found at the location to be searched must be 'supported by less than prima facie proof but more than mere suspicion.'" Id. (quoting United States v. Johnson, 351 F.3d 254, 258 (6th Cir. 2004)).

In determining whether an affidavit establishes probable cause, the task of the issuing

3

>magistrate is simply to make a practical, commonsense decision whether, given the circumstances set forth in the affidavit before him, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed.

United States v. Carpenter, 360 F.3d 591, 594 (6th Cir. 2004). Thus, reviewing courts are to determine "whether the totality of the circumstances [describe in the affidavit] supports a finding of probable cause." United States v. Woosley, 361 F.3d 924, 926 (6th Cir. 2004). Finally, probable cause may be established by an anonymous tip that is substantially corroborated by independent police work. United States v. Yarbrough, 2007 U.S. App. LEXIS 30058 (6th Cir. 2007)(citing Gates, 462 U.S. at 243-245).

Here, the Defendant argues that the search warrant for the Defendant's residence was not supported by probable cause because there was no evidentiary nexus between the place to be searched - the Defendant's residence - and the alleged criminal activity. The Defendant points out that although an anonymous caller told the police that the Defendant kept crack cocaine and a firearm in his bedroom, the alleged drug transactions the officers observed did not occur in the Defendant's home, but in his drive way and on his front porch. The Court, however, rejects this argument. Based upon the information provided by the anonymous caller and the corroborating observations of the officers, the Court concludes that the magistrate had a substantial basis for concluding that evidence of a crime would be found in the Defendant's home. This holding is further bolstered by the rule set forth in United States v. Newton which provides that evidence that a defendant is a drug dealer with "continual and ongoing operations" in and of itself creates probable cause to search his home. 389 F.3d 631 (6th Cir. 2004), vacated on other grounds, 546 U.S. 803 (2005); see also United States v. Bethal, 245 Fed. Appx. 460, 467 (6th Cir. 2007).

Thus, the Defendant's motion to suppress the evidence discovered during the search of his

home is **DENIED**. Because the Court holds that the search warrant's underlying affidavit was sufficient, the Court need not address the Defendant's argument that the officers could not have relied upon the search warrant in good faith.

**B. Lawfulness of the Detention, Arrest, and Search**

The Defendant also argues that the evidence seized as a result of his arrest on April 27, 2007, should be suppressed because the arrest lacked probable cause.

Under Terry v. Ohio, 392 U.S. 1 (1968), an officer without a warrant "may, consistent with the Fourth Amendment, conduct a brief, investigatory stop when the officer has a reasonable, articulable suspicion that criminal activity is afoot." Illinois v.Wardlow, 528 U.S. 119, 122 (2000). Thus, a vehicle may be stopped under Terry, if an officer has a reasonable and articulable suspicion that "its occupants had engaged, were engaging, or were about to engage in criminal activity." United States v. Perez, 440 F.3d 363, 370 (6th Cir. 2006). After a such a stop, an officer may order an individual to exit the vehicle. Bennett v. City of Eastpointe, 410 F.3d 810, 822 (6th Cir. 2005). Further, "[p]olice may arrest a person without a warrant if they have probable cause at the time of the arrest to believe that a person has committed or is committing a crime." United States v. Gooch, 499 F.3d 596, 604 (6th Cir. 2007)(quoting United States v. Caicedo, 85 F.3d 1184, 1192 (6th Cir. 1996)). "When determining if a police officer had probable cause to conduct a warrantless arrest, [courts] look to the totality of the circumstances and decide 'whether the historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to probable cause.'" United States v. Brooks, 2008 U.S. App. LEXIS 6116, *5 (6th Cir. 2008)(quoting Maryland v. Pringle, 540 U.S. 366, 370 (2003)). Finally, "a law enforcement officer may conduct a full search of an arrestee's person incident to a lawful custodial arrest." United States v. Montgomery, 377 F.3d 582, 586 (6th Cir. 2004). Indeed, [w]hen an arrest is made....it is entirely reasonable for the arresting officer to

search for and seize any evidence on the arrestee's person in order to prevent its concealment or destruction." Chimel v. California, 395 U.S. 752, 762-63 (1969).

Based on the above, the Court concludes that the detention, arrest, and search of the Defendant on April 27, 2007, were lawful. Prior to the stop, the Defendant had told a police informant that he would deliver five rocks of cocaine to the informant's house on Railroad Street in Franklin. This conversation was overheard by Detective Harper, who recognized the Defendant's voice. The police then waited for the Defendant to make the delivery and stopped him, on Harper's directive, as the Defendant drove by the informant's home. Based upon a totality of the circumstances, it is clear that the officers had probable cause to believe that the Defendant was about to commit a crime and that, therefore, his arrest was lawful. Thus, the subsequent search for and seizure of the cocaine was also lawful as part of a search incident to arrest.

For these reasons, the Plaintiff's motion to suppress all evidence obtained as a result of his April 27, 2007, arrest is also **DENIED.**

### III. CONCLUSION

For the foregoing reasons, the Defendant's motion to suppress is **DENIED. IT IS SO ORDERED.**

cc: Counsel of Record