UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CRIMINAL ACTION NO. 1:07-CR-36-M

UNITED STATES OF AMERICA             PLAINTIFF/RESPONDENT

v.

LARRY BRIGGS             DEFENDANT/MOVANT

## MEMORANDUM OPINION

Movant, Larry Briggs, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (DN 113). On preliminary consideration under Rule 4 of the Rules Governing Section 2255 Cases in the United States District Courts, the Court directed Movant to show cause why his motion should not be denied and his action dismissed as barred by the applicable statute of limitations.

On August 8, 2009, a Judgment and Commitment Order sentenced Movant to 180 months total for the three counts of the indictment of which he was found guilty by a jury (DN 97). Movant appealed, and the Sixth Circuit Court of Appeals issued its mandate of its decision affirming on July 14, 2011. On February 8, 2013, Movant filed the instant § 2255 motion.[1]

Under § 2255, a one-year limitation period applies. The statute provides as follows:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created

---

[1] Under the mailbox rule, the motion is deemed filed when presented to prison officials for mailing. *Miller v. Collins*, 305 F.3d 491, 497-98 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266 (1988)). Here, Movant signed his motion on February 8, 2013, and the Court will assume for purposes of this Memorandum Opinion that this is the date that Movant tendered it to prison officials to be filed.

>by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). "When a federal criminal defendant appeals to the court of appeals, the judgment of conviction becomes final for § 2255 purposes upon the expiration of the ninety-day period in which the defendant could have petitioned for certiorari to the Supreme Court, even when no certiorari petition is filed." *Johnson v. United States*, 457 F. App'x 462, 464 (6th Cir. 2012). Thus, Movant's conviction became final ninety days after July 14, 2011, or October 12, 2011. Movant, therefore, had until October 12, 2012, to file his § 2255 motion.

In his response to the show-cause order, Movant states that he is *pro se*, incarcerated, and without sufficient funds to hire an attorney. He further states that he is unable to write very well and has required assistance from the prison law library clerk, who had to type and read to Movant the § 2255 motion and the response to the show-cause order before those documents could be filed. That response further states that Movant was aware of what happened at his trial, but became aware of the prosecutorial misconduct regarding fingerprint evidence after his trial and conviction. The response also states that the law library clerk who is assisting Movant first became available to Movant in October 2012. Before then, Movant had no knowledge of how to obtain relief through a § 2255 motion or of § 2255's one-year limitations period. Movant also asserts that the United States would not be prejudiced, that he is innocent of the charges of

2

conviction, and that denial of his § 2255 motion would result in a miscarriage of justice.

Although the one-year statute-of-limitations period applicable to 28 U.S.C. § 2255 motions is subject to equitable tolling *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004), the Sixth Circuit has repeatedly made clear its view that "equitable tolling relief should be granted only sparingly." *Amini v. Oberlin College*, 259 F.3d 493, 500 (6th Cir. 2001). "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000). "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Id.* at 561. In determining whether to toll the statute of limitations, this Court considers whether Movant lacked notice or constructive knowledge of the filing requirement; whether Movant was diligent in pursuing his rights; whether there would be no prejudice to the respondent; and whether it was reasonable for Movant to remain ignorant of the legal requirement for filing his claim. *Allen v. Yukins*, 366 F.3d at 401.

Movant has pointed to no circumstances beyond his control which would support equitable tolling. Ignorance of the law is not grounds for equitable tolling. *Johnson v. United States*, 544 U.S. 295, 311 (2005); *Allen v. Yukins*, 366 F.3d at 403. Similarly, lack of legal assistance does not constitute "extraordinary circumstances" justifying equitable tolling. *See Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001); *see also Fisher v. Johnson*, 174 F.3d 710, 714 n.13 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse [late] filing.")

The statute of limitations in 28 U.S.C. § 2255(f) may be equitably tolled when a habeas

petitioner makes a credible claim of actual innocence based on new reliable evidence. *Connolly v. Howes*, 304 F. App'x 412, 417 (6th Cir. 2008); *Knickerbocker v. Wolfenbarger*, 212 F. App'x 426, 431 (6th Cir. 2007); *Souter v. Jones*, 395 F.3d 577, 590 (6th Cir. 2005). There is a stringent standard for establishing a credible claim of actual innocence. Actual innocence means factual innocence, not mere legal insufficiency or legal innocence. *Bousley v. United States*, 523 U.S. 614, 623 (1998); *Schlup v. Delo*, 513 U.S. 298, 321 (1995); *Connolly*, 304 F. App'x at 417; *Souter*, 395 F.3d at 590.

To make out a credible claim of actual innocence, a movant is required to support his claim of federal constitutional error with new reliable evidence – exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was unknown or unavailable at the time of his conviction and sentencing. *Schlup*, 513 U.S. at 324; *Souter*, 395 F.3d at 590. Without new reliable evidence and facts showing actual innocence, even the existence of a meritorious claim of a federal constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a habeas claim that is time-barred by the statute of limitations. *Schlup*, 513 U.S. at 316; *Nelloms v. Jackson*, 129 F. App'x 933, 937 (6th Cir. 2005). The actual innocence equitable tolling exception is rare and may only be applied in extraordinary cases involving factual innocence. *Schlup*, 513 U.S. at 321; *Souter*, 395 F.3d at 590.

Here, Movant point to no new reliable evidence to support his claim of actual innocence. For the foregoing reasons, the Court will by separate Order deny Movant's § 2255 motion.

## CERTIFICATE OF APPEALABILITY

An individual, who unsuccessfully moves to vacate, set aside or correct his sentence

4

pursuant to § 2255 in a federal district court and subsequently seeks appellate review, must secure a Certificate of Appealability (COA) from either "a circuit justice or judge" before the appellate court may review the appeal. 28 U.S.C. § 2253(c)(1). A COA may not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

When a district court denies such a motion on procedural grounds without addressing the merits of the petition, a COA should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

When a plain procedural bar is present and a court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the petition or that the petitioner should be allowed to proceed further. *Id.* In such a case, no appeal is warranted. *Id.* The Court is satisfied that no jurist of reason could find its procedural ruling to be debatable. Thus, no COA is warranted in this case.

Date: April 4, 2013

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc: Movant, *pro se*
4414.009

5