UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

CRIMINAL ACTION NO. 1:07-cr-00036-JHM
CIVIL ACTION NO. 1:16-cv-00102-JHM

LARRY BRIGGS                                                               MOVANT/DEFENDANT

V.

UNITED STATES OF AMERICA                                          RESPONDENT/PLAINTIFF

<u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court upon objections by the United States to the Magistrate's recommendation that Defendant Larry Briggs have his sentence vacated and be resentenced. (DN 151.) Briggs filed a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255, arguing that he should be resentenced in light of the Supreme Court's holding in *Johnson v. United States*, 135 S. Ct. 2551 (2015). (DN 132). After reviewing the recommendation of the Magistrate and the objections of the United States, the Court will **ADOPT** the recommendation that Briggs be resentenced and **OVERRULE** the objections of the United States.

**I. BACKGROUND**

Briggs was convicted by a jury of being a felon in possession of a firearm. (DN 81.) At sentencing, the Court determined that Briggs had committed three prior "violent felonies" or "serious drug offenses" under the Armed Career Criminal Act ("ACCA"), which mandated a minimum sentence of fifteen years. (DN 97.) One of these predicate felonies, a 1991 conviction in Simpson Circuit Court for second-degree manslaughter, is at issue in Briggs' present motion to vacate his sentence.

Subsequent to Briggs' federal conviction, the Supreme Court in *Johnson* invalidated the "residual clause" of the ACCA as unconstitutionally vague. 135 S. Ct. at 2563. Briggs brought

the present motion *pro se*, arguing that his second-degree manslaughter conviction could no longer serve as a predicate violent felony under the ACCA; thus, the mandatory minimum sentence of fifteen years would no longer apply to him. (DN 132, at 4.) The United States responded, conceding that Briggs' second-degree manslaughter conviction could no longer be used to enhance his sentence under the ACCA's residual clause. (DN 140, at 2.) However, it argued that Briggs' enhanced sentence is still valid, as the second-degree manslaughter conviction meets the ACCA's definition of a violent felony under the "use of physical force" clause, which was not affected by the Supreme Court's decision in *Johnson*. (*Id.* at 2–5.)

The Court referred this matter to the Magistrate Judge for a report and recommendation. (DN 139.) In his report, the Magistrate analyzed Kentucky's second-degree manslaughter statute, KRS § 507.040, and concluded that it did not qualify as a violent felony under the ACCA's "use of physical force clause." (*Id.* at 15.) Thus, he recommended that Briggs' motion to vacate his sentence be granted. (*Id.*) The United States has filed an objection to this recommendation. (DN 151.)

## II. DISCUSSION

Under the ACCA, a defendant who is convicted of being a felon in possession of a firearm and has three prior convictions for violent felonies or serious drug offenses is subject to the mandatory minimum sentence of fifteen years in prison. 18 U.S.C. § 924(e). Since the Supreme Court's decision in *Johnson* that invalidated the residual clause, a crime is a violent felony only if it either (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another," or (2) "is burglary, arson, or extortion, [or] involves the use of explosives." 18 U.S.C. § 924(e)(2)(B). As previously noted, Briggs was convicted in 1991 of second-degree manslaughter in Kentucky, a conviction which was used as a predicate violent

felony to enhance his sentence under the ACCA.  His enhanced sentence can only stand if the conviction for second-degree manslaughter meets the current definition of a violent felony.  Since second-degree manslaughter is not one of the enumerated violent felonies in the ACCA, the Court must look to the use of physical force clause.

When determining whether a crime falls within the use of physical force clause, "federal courts use the 'categorical approach,'" *United States v. Covington*, 738 F.3d 759, 762 (6th Cir. 2014), which requires the Court to "look[ ] only to the statutory definitions of the prior offenses, and not to the particular facts underlying those conviction," to determine if the conviction necessarily had as an element the use of physical force.  *Taylor v. United States*, 495 U.S. 575, 600 (1990).  However, "there are two steps in applying the categorical approach . . . First, a court must ask whether the statute at issue is divisible by determining if the statute lists alternative elements." *Covington*, 738 F. 3d at 763 (quotations omitted).  "If a statute is divisible, meaning that it 'comprises multiple, alternative versions of the crime,' a court uses the 'modified categorical approach' and may 'examine a limited class of documents . . . to determine which of a statute's alternative elements formed the basis of the defendant's prior conviction." *Mitchell v. United States*, --- F. Supp. 3d ---. 2017 WL 2861805, at *9 (W.D. Tenn. July 5, 2017) (quoting *Descamps v. United States*, 133 S.Ct. 2276, 2283–84 (2013)).  "After having determined which of a statute's alternative elements formed the basis of the defendant's prior conviction, or after having determined that the statute is indivisible, the second step in the categorical approach requires the court to 'ask whether the offense the statute describes, as a category, is a [violent felony].'" *Id.* at *10 (quoting *Covington*, 738 F.3d at 763)).

The Magistrate analyzed the current version of Kentucky's second-degree manslaughter statute, which reads as follows:

3

> (1) A person is guilty of manslaughter in the second degree when he wantonly causes the death of another person, including, but not limited to, situations where the death results from the person's:
>
> (a) Operation of a motor vehicle; or
>
> (b) Leaving a child under the age of eight (8) years in a motor vehicle under circumstances which manifest an extreme indifference to human life and which create a grave risk of death to the child, thereby causing the death of the child.

KRS § 507.040. While the Magistrate found this statute to provide alternative elements, he did not find it to be divisible, as neither of the alternative offenses qualified as a violent felony under the ACCA. (DN 147, at 7–9) (quoting *United States v. Mitchell*, 743 F.3d 1054, 1065 (6th Cir. 2014) ("a statute is divisible . . .[if] at least one, but not all of those alternative elements . . . depart from . . . the definitions provided in either or both the 'use of physical force' clause and residual clause")). The United States' objection is based in part on the Magistrate's determination that the statute is indivisible.

The Court finds the statute to be indivisible, but for a different reason. As Briggs points out in his original motion to vacate his sentence, his conviction was in 1991. (DN 132-1, at 5.) However, the Magistrate analyzed the statute for second-degree manslaughter as it reads now. At the time of Briggs' conviction, however, the statute read, "A person is guilty of manslaughter in the second degree when, including, but not limited to, the operation of a motor vehicle, he wantonly causes the death of another person." *Shouse v. Commonwealth*, 481 S.W.3d 480, 483 (Ky. 2015) (quoting prior version of KRS § 507.040(1)). The Magistrate's conclusion that the present-day statute included alternative elements rested on subsection (b), as it included a mental state of "aggravated wantonness" separate from the ordinary wantonness that was required for other alternatives. (DN 147, at 6) (quoting *Shouse*, 481 S.W.3d at 484). But that subsection was not in the statute in 1991. The earlier version of the statute, defining the crime of conviction, is

4

not divisible, as there are no alternative elements. The same three elements are always required: (1) a wanton *mens rea*, (2) the death of another individual, and (3) causation. Therefore, any objection by the United States to the Magistrate's conclusion that the statute is indivisible is overruled.

That leads to the second step in the categorical approach: determining whether the indivisible statute describes a violent felony. The Magistrate concluded that second-degree manslaughter is not a violent felony under the ACCA, since the Sixth Circuit in *United States v. McMurray* "conclude[d] that the 'use of physical force' clause of the ACCA requires more than reckless conduct." 653 F.3d 367, 376 (6th Cir. 2011) (citations omitted). In *McMurray*, Tennessee's definition of recklessness was at issue, which is defined as follows:

> Reckless refers to a person who acts recklessly with respect to circumstances surrounding the conduct or the result of the conduct when the person is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the accused person's standpoint.

Tenn. Code Ann. § 39-11-302(c). The Magistrate noted that this definition is nearly identical to Kentucky's definition for wanton behavior, which is defined as follows:

> A person acts wantonly with respect to a result or to a circumstance described by a statute defining an offense when he is aware of and consciously disregards a substantial and unjustifiable risk that the result will occur or that the circumstance exists. The risk must be of such nature and degree that disregard thereof constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation. A person who creates such a risk but is unaware thereof solely by reason of voluntary intoxication also acts wantonly with respect thereto.

KRS § 501.020(3). Therefore, the Magistrate concluded that *McMurray* would apply with equal force to Kentucky's second-degree manslaughter statute. (DN 147, at 9.) In its objection, the

5

United States argues that *McMurray* has been implicitly overruled by the Supreme Court's decision in *Voisine v. United States*, 136 S. Ct. 2272, 2276 (2016), in which the Court found that recklessness was sufficient for a crime to qualify as a "misdemeanor crime of domestic violence" under a definition that requires the "use . . . of physical force," just as in the ACCA's use of physical force clause.

The United States' argument that *Voisine* overrules *McMurray* in this circuit and makes reckless crimes eligible as violent felonies under the ACCA's use of physical force clause is not novel; in the year since *Voisine* has been decided, many district and circuit courts have addressed the issue. In *Davis v. United States*, 2017 WL 1380558, at *6–8 (E.D. Tenn. Apr. 17, 2017), the court thoroughly cataloged the decisions regarding what impact *Voisine* has had on the ACCA's use of physical force clause and noted the following:

> After careful review of the *Voisine* decision, the parties arguments, and how other district and circuit courts have treated the *Voisine* decision outside the context of § 921(a)(33)(A), this Court is not convinced that the Sixth Circuit would interpret *Voisine* as invalidating *McMurray* . . . the Supreme Court explicitly stated in *Voisine* that its interpretation of the term "use" did not extend to 18 U.S.C. § 16, notwithstanding the fact that it uses nearly identical language as is found in 18 U.S.C. § 921(a)(33)(A) . . . [and] textual differences [the ACCA and the statute at issue in *Voisine*] support assigning those provisions different definitions for the term "use" . . .

*Id.* at *9. The Court agrees with this conclusion. *Voisine* did not interpret the ACCA's use of force clause but rather a different statute altogether defining "misdemeanor crimes of domestic violence." *McMurray*, however, is directly on point in interpreting the ACCA's use of physical force clause as not encompassing felonies with a reckless (or equivalent) *mens rea*. As the *Davis* court stated,

> This Court has an obligation to follow the Supreme Court where an intervening decision of that Court directly reverses an opinion of

6

> the Sixth Circuit or implicitly reverse the same through a case with indistinguishable facts. If, however, the intervening decision neither expressly nor implicitly overrules the prior Sixth Circuit decision, this Court must be extremely careful in concluding that circuit precedent is no longer good law, and should only deviate from such authority where it is powerfully convinced that the circuit will overrule itself at the next available opportunity. *Sub silentio* overruling of a Court of Appeals decision by a Supreme Court case resting on different facts is a rare occurrence, and thus requires strong evidence that the court would repudiate its holding if given a chance to do so.

*Id.* at *8 (citations, quotations, and brackets omitted). Thus, the question presented by *Voisine* is not whether the ACCA should now be interpreted to include reckless crimes as predicate violent felonies, but rather whether the Sixth Circuit would almost certainly overrule *McMurray* because of *Voisine*'s interpretation of a similarly worded statute. The Court does not believe that *Voisine* is sufficiently on point for *McMurray* to be ignored, and it joins the other district courts within the Sixth Circuit that "have rejected the argument that *Voisine* has undermined *McMurray*'s holding . . . [as] *McMurray* remains good law." *Mitchell v. United States*, --- F. Supp. 3d at ---, 2017 WL 2861805, at *16 (compiling cases). Therefore, the United States' objection on this point is overruled, and the Magistrate's recommendation that Briggs' sentence be vacated is adopted.

Briggs has also made two motions for the appointment of counsel while his § 2255 petition has been pending. (DN 136, 150.) Because the Court has determined that resentencing is necessary, counsel will be appointed, so long as Briggs continues to qualify for appointed counsel.

### III. CONCLUSION

Therefore, for the reasons stated above, the Court **ADOPTS** the recommendation of the Magistrate, and the objections by the United States are **OVERRULED**. The motion to vacate,

7

set aside, or correct a judgment is **GRANTED**, and Briggs' sentence is **VACATED**.  Further, Briggs' motion for the appointment of counsel is **GRANTED**.  A separate order will be issued in regards to Briggs' resentencing.

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

July 13, 2017

cc:     counsel of record

8